UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL JOHN HERBERT,<br><br>Defendant | ) | Criminal No. 23-30027-MGM<br><br>Violations:<br><br>Count One: Theft of Government Money (18 U.S.C. § 641)<br><br>Count Two: False Statements; Aiding and Abetting (18 U.S.C. §§ 1001(a)(2) and 2)<br><br>Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

INDICTMENT

COUNT ONE
Theft of Government Money
(18 U.S.C. § 641)

The Grand Jury charges:

From on or about January 1, 2010 through on or about March 1, 2023, in the District of Massachusetts, and elsewhere, the defendant,

PAUL JOHN HERBERT,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another, any money and thing of value of the United States and of any department and agency thereof, to wit, the Department of Veterans Affairs, in a total amount greater than $1,000, namely, disability benefits having a value of approximately $344,040.

All in violation of Title 18, United States Code, Section 641.

COUNT TWO
False Statements; Aiding and Abetting
(18 U.S.C. §§ 1001(a)(2) and 2)

The Grand Jury further charges:

On or about October 24, 2018, in the District of Massachusetts, the defendant,

PAUL JOHN HERBERT,

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the defendant submitted to the United States Marine Corps, through his local Congressman, a written request for a Purple Heart award, in which the defendant falsely stated that he had suffered traumatic brain injury from a roadside explosion while deployed to Northern Iraq. In truth and in fact, as the defendant well knew, his statement was false in that he had not suffered traumatic brain injury from a roadside explosion while deployed in Northern Iraq.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 641, set forth in Count One, the defendant,

PAUL JOHN HERBERT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

a. $344,040, to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

STEVEN H. BRESLOW
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: August 31, 2023
Returned into the District Court by the Grand Jurors and filed.

at 1:53
DEPUTY CLERK